1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHNATHAN SETH HARPER,                 Case No.  1:21-cv-558-JLT-HBK

12              Plaintiff,                   ORDER DENYING PLAINTIFF'S MOTION

13         v.                                (Doc. No.  19)

14    WELL PATH, ET. AL.,

15              Defendants.

16

17         This matter comes before the Court upon review of Plaintiff's "motion for court order to

18    remove obstruction and provide basic necessities to access to the court," filed on March 16, 2022.

19    (Doc. No. 19).   Plaintiff, a state prisoner confined in the Kings County Jail, is proceeding *pro se*

20    on his Amended Complaint filed under 42 U.S.C. § 1983 on March 14, 2022. (Doc. No. 19).  The

21    Amended Complaint remains subject to screening under § 1915.  (*See* docket).

22         In the instant motion, Plaintiff claims he is encountering difficulties accessing legal

23    supplies, services, and mailing leadings to the Court.  (Doc. No. 19 at 1-2).  Plaintiff also alleges

24    he has been subjected to cell searches on multiple occasions and had articles stolen since filing

25    this action and believes it is being done in retaliation for filing the lawsuit.  (*Id.* at 2).   Plaintiff

26    then states he was awaiting transport to a state court proceeding but deputies claimed Plaintiff

27    refused to leave his cell to go to court so the state court judge later revoked Plaintiff's "pro per"

28    status without giving him adequate opportunity to be heard.  (*Id.* at 2-3).  During this same

1    incident, Plaintiff claims he was attacked by the transport officer, but it was made to look as he

2    was "the aggressor." (*Id.* at 2). Plaintiff seeks relief under the All Writs Act.  (*Id.* at 1, 3).

3    Specifically, Plaintiff seeks that the Court to order Kings County Sheriff to provide him with

4    unobstructed to mail documents to the Court and pens and other supplies when needed.  (*Id.* at 3).

5         The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid

6    of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. §

7    1651(a).  "'The power conferred by the Act extends, under appropriate circumstances, to persons

8    who, though not parties to the original action or engaged in wrongdoing, are in a position to

9    frustrate the implementation of a court order or the proper administration of justice and

10   encompasses even those who have not taken any affirmative action to hinder justice.'"

11   *Cunningham v. Martinez*, 2021 WL 2549454 *1 (E.D. Cal. June 22, 2021) (citing *United States v.*

12   *New York Tel. Co.*, 434 U.S. 159, 174 (1977) (other citations omitted)).  For example, the Act is

13   appropriate in prisoner civil rights cases where non-party correctional officials are impeding the

14   prisoner-plaintiff's ability to litigate his pending action.  *Id.* (citations omitted).  Significantly,

15   "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and

16   exigent circumstances," and only "if the legal rights at issue are indisputably clear."  *Id.* (citing

17   *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001)) (other citations omitted).

18        Here, neither exigent circumstances nor indisputably clear legal rights are present to

19   warrant relief under the All Writs Act.  Regarding the alleged interference with Plaintiff's access

20   to the courts, inmates have a fundamental, constitutional right of access to the courts.  *Bounds v.*

21   *Smith*, 430 U.S. 817 (1977), *abrogated in part*, *Lewis v. Casey*, 518 U.S. 343 (1996).  Interference

22   with an inmate's access to the court constitutes a First Amendment violation.  *Lewis v. Casey*,

23   518 U.S. 343, 346, 350 (1996).  *Bounds* made clear that inmates have "a *reasonably adequate*

24   opportunity to present claimed violations of fundamental constitutional rights to the courts."  *Id.*

25   at 825 (emphasis added).  However, an inmate alleging denial of access to the court cannot

26   establish a claim simply by establishing the law library or legal assistance is subpar in a

27   theoretical sense.  *Id.* at 351.  Rather, a prisoner must allege an "actual injury," *i.e.*, that an

28   official frustrated or hindered her efforts to pursue a legal claim.  The injury requirement "is not

1    satisfied by just any type of frustrated legal claim." *Id.* at 354.  Rather, the types of legal claims

2    protected are limited to direct criminal appeals, petitions for writs of *habeas corpus*, and civil

3    rights actions brought under section 1983 to vindicate basic constitutional rights.  *See Id.*

4    (citations omitted). "Impairment of any other litigating capacity is simply one of the incidental

5    (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355

6    (emphasis omitted).

7            Nor does access to the court equate to free, *unlimited* postage.  *K'Napp v. Adams*,

8    2015LW 5138237 * (E.D. Cal. Sept. 1, 2015)(granting defendants' summary judgment motion on

9    access to court claims, *inter alia*)(citing *Semeneck v. Ahlin*, No. 1:09-cv-00566-JLT-PC, 2010

10   WL 4738065 at *16 (E.D. Cal. Nov. 16, 2010); *Rodriquez v. Stone*, No. 1:06-cv-00663,OWW-

11   SMS-PC, 2007 WL 4287819  AT *3 (E.D. Cal. Dec. 6, 2007)(an inmate does not have a

12   constitutional right to free postage simply because he is sending documents to court, public

13   officers or lawyers); *Shock v. Vonbiela*, No. C-93-3371MHP, 1994 WL 442831 at *2-*5 (N.D.

14   Cal. Aug. 2, 1994)(granted summary judgment to defendant correctional officer of plaintiff's

15   allegations that the officer refused to provide state-paid postage for plaintiff's letters to a

16   senator)).

17           A review of the docket confirms Plaintiff has written and mailed various motions and

18   pleadings to the Court.  Therefore, the docket history confirms Plaintiff has not been denied

19   access to *all* supplies as he claims.  The Court will issue rulings on Plaintiff's pending motions in

20   due course.

21           Accordingly, it is **ORDERED**:

22           Plaintiff's motion (Doc. No. 19) is DENIED.

23

24   Dated:    March 18, 2022

25                                                    HELENA M. BARCH-KUCHTA
                                                      UNITED STATES MAGISTRATE JUDGE
26

27

28

3