1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN SETH HARPER,

Plaintiff,

v.

WELL PATH, LLC., ET. AL.,

Defendants.

Case No.  1:21-cv-558-JLT-HBK

ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED SCOPE EXPEDITED DISCOVERY AND EX PARTE MOTION FOR COPIES

(Doc. Nos.  14, 21)

Pending before the Court is Plaintiff's "motion for limited scope expedited discovery in support of motion for temporary restraining order/preliminary injunction."  (Doc. No. 14). Plaintiff also seeks copies of his First Amended Complaint and his motion for a temporary restraining order and/or preliminary injunction.  (Doc. No. 21).

**Background**

Plaintiff, who is a pretrial detainee, initiated this action *pro se* by filing a prisoner civil right compliant under 42 U.S.C. § 1983 on April 1, 2021.  (*See generally* Doc. Nos. 1).  Plaintiff proceeds on his First Amended Complaint filed on March 14, 2022, which identifies approximately 18 Defendants, including but not limited to: the corporation that employs the medical staff at the county jail identified as Well Path, LLC; a medical doctor; correctional officers at the Kings County Jail; and county officials.  (Doc. No. 18, "FAC").  The FAC generally complains about the provision of Plaintiff's medical care at the Kings County Jail.  (*See*

1  *generally Id.*).

2      **A.  Motion for Expedited Discovery**

3      In Plaintiff's "motion for limited scope discovery in support of motion for temporary

4  restraining order/preliminary injunction," Plaintiff wants to obtain records from the company

5  Global Tel*Link, who he states provided and serviced tablets to Kings County Jail prior to and

6  during the time Defendant Well Path, LLC. provided medical care to inmates.  (Doc. No. 14 at 1-

7  5).  Plaintiff states that he filed medical-related inmate grievances via Global Tel*Link's tablets

8  and has no way to obtain copies of the grievances absent a subpoena to this third-party.  (*Id.* at 3).

9      Under Federal Rule of Civil Procedure 26(d), a party "may not seek discovery from any

10  source" prior to the conference required by Rule 26(f).  The parties' conference must take place at

11  least 21 days before the Initial Case Management Conference.  Fed. R. Civ. P. 26(d),(f).  For

12  discovery to occur earlier, a "good cause" standard applies.  *See generally Semitool Inc. v. Tokyo*

13  *Electron America, Inc.*, 208 F.R.D. 273 (N.D. Cal. April 19, 2002); *see also Hall v. Mims*, 2012

14  WL 1498893, *2 (E.D. Cal. April 27, 2012); *Fernandez v. Metropolitan Corr. Center*, 2021 WL

15  1400854 (S.D. Cal. April 13, 2021).  "Good cause may be found where the need for expedited

16  discovery, in consideration of the administration of justice, outweighs the prejudice to the

17  responding party."  *Hall*, 2012 WL 1498893, *2 (citing *Semitool*, 208 F.R.D. at 276).  The

18  discovery sought must be relevant and good cause must exist to provide the discovery on an

19  expedited basis.  *Semitool*, 208 F.R.D. at 276.

20      Expedited discovery may be appropriate in some cases seeking injunctive relief, *e.g.*

21  copyright or patent infringement claims or with motions challenging personal jurisdiction.  (*Id.*)

22  (citations omitted).  Courts have broad discretion in determining whether there is good cause.

23  *Fernandez*, 2021 WL 1400854, *2.  In *pro se* cases, the Ninth Circuit often permits early

24  discovery so plaintiffs can ascertain the identity of John Doe defendants.  *Id.* (citing *Wakefield v.*

25  *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)(other citations omitted)).

26      Here, the Court finds expedited discovery is not warranted.  Plaintiff states that he wishes

27  to engage in early discovery to obtain copies of his medical-related grievances, but he attaches

28  summaries of the grievances to his motion for a temporary restraining order or preliminary

1   injunction.  (*See e.g.* Doc. No. 13 at 35-52).   Admittedly, the FAC challenges the provision of

2   medical care to Plaintiff at the county facility, but Plaintiff has not shown why he needs copies of

3   his inmate grievances on an *expedited* basis.  *See also Hall*, 2012 WL 1498893 *3-*4 (denying

4   plaintiff's motion for expedited discovery where inmate health and safety involved).[1]

5          **B.  Motion for Copies**

6          Next, Plaintiff seeks copies of both his FAC and his motion for a temporary restraining

7   order or preliminary junction.  (Doc. No. 21).  Plaintiff does not specify which motion for a

8   temporary restraining order or preliminary injunction he requires copied.  Plaintiff filed a motion

9   for a temporary restraining order or preliminary injunction in December 2021 and another one in

10  March 2022.   Plaintiff states his ability to make copies was delayed by one week.  (*Id.* at 2).  He

11  requests these copies for "purposes of general reference in litigation."  (*Id.*).

12         Neither Plaintiff's *pro se* status nor his prisoner status entitle him to receive

13  complimentary copies.  *Blair v. CDCR*, 2018 WL 1959532, at *6 n. 2 (E.D. Cal. Apr. 25, 2018).

14  Having reviewed the docket, the Court notes it previously provided Plaintiff a "one-time courtesy

15  copy" of a motion that was stricken by the Court.  (Doc. No. 15).  Plaintiff is not currently under

16  any Court-ordered deadline at this time.  Consequently, the Court denies Plaintiff's request for

17  copies of these documents.

18         Consistent with statute, the Clerk will provide copies of documents and the docket sheet at

19  $0.50 per page.  *See* 28 U.S.C. § 1914.  Checks in the exact amount are payable to "Clerk,

20  USDC."   Plaintiff's FAC is 26 pages in length and his motions for a temporary restraining order

21  and preliminary injunction are 52 and 14 pages in length, respectively.  Thus, to the extent

22  Plaintiff wishes to obtain copies of the requested documents he should forward a check in the

23  amount of $46.00 to the Clerk if he wishes to obtain copies of these pleadings.

24         Accordingly, it is **ORDERED**:

25         1.  Plaintiff's motion for expedited discovery (Doc. No. 14) is DENIED.

26         2.  Plaintiff's ex parte motion for copies of his First Amended Complaint and his motions

27  _____

28  [1] By separate order the undersigned addresses Plaintiff's pending motions for temporary restraining order
or preliminary injunction.

for a temporary restraining order or preliminary injunction (Doc. No. 21) is DENIED.

Dated:   April 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE