UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SETH HARPER,<br><br>             Plaintiff,<br><br>     v.<br><br>WELL PATH; ET. AL.,<br><br>             Defendants. | Case No.  1:21-cv-558-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. Nos.  12, 13, 17) |

## I.  BACKGROUND

Pending before the Court are Plaintiff's motions for a temporary restraining order and /or preliminary injunction and motion to take judicial notice.  For the reasons set forth below, the undersigned recommends the district court deny the motions.

**1.  Allegations in FAC**

Plaintiff, a pretrial detainee, initiated this action *pro se* by filing a prisoner civil rights complaint under 42 U.S.C. § 1983 on April 1, 2021.  (Doc. No. 1).  Plaintiff proceeds on his First Amended Complaint filed on March 14, 2022, which identifies 18 defendants, including but not limited to, the corporation that employs the medical staff at the county jail identified as Well Path, LLC; a medical doctor; correctional officers at the Kings County Jail; and county officials.

(Doc. No. 18, "FAC"). Although the gravamen of the action pertains to the alleged lack of medical care provided to Plaintiff, the FAC initially attributes the lack of medical care to an inmate grievance Plaintiff filed against Well Path, LLC. (*Id.* at 6) (stating "[i]mmediately after plaintiff submitted a grievance to defendant Well Path, LLC, Defendant Dr. Steven Gustaveson, medical director, discontinued a medication treating Plaintiff's tension headaches."). (*Id.*). According to the FAC, Plaintiff had an initial consultation with the medical director, Defendant Gustaveson, on July 2, 2020. (*Id.*). Plaintiff alleges Gustaveson attempted to "enrage, instigate, provoke, and bait Plaintiff into a violent or otherwise negative response." (*Id.*). Plaintiff alleges during that initial consultation Gustaveson "repudiated" all prior prescriptions and medical determinations since 2004, including Plaintiff's antidepressants. (*Id.* at 7-8). Plaintiff states Gustaveson "made it clear that he would not be providing any legitimate healthcare to [Plaintiff]." (*Id.* at 7). Plaintiff alleges Gustaveson treats him with contempt and "mocked" his need for hearing aids by stating "it would be a waste of money," and "why do you need to hear from that ear anyway?" (*Id.*). During an August 2020 appointment, Plaintiff claims Gustaveson said to Plaintiff, "who is the expert in the room?" and at another appointment told Plaintiff he was a "good candidate" for "a rubber room" where suicidal inmates are housed. (*Id.* at 8). Plaintiff faults many other Defendants for acquiescing to Dr. Gustaveson's medical care provided to Plaintiff including Defendants Lisa Salinas, Maria Cantu, and Crystal Thomas. (*Id.* at 9, 15, 22-23). The FAC faults the Board of Supervisors and county auditor, James Erb, with permitting Well Path, LLC to continue to operate the county jail despite its subpar performance. (*Id.* at 20-21).

The FAC alleges other seemingly unrelated acts of retaliation as well, involving: Defendant Herrera who refused to provide Plaintiff access to a tablet electronic device (*Id.* at 10); Defendant Frener who engaged in "head games" with Plaintiff by "writing him up" (*Id.* at 11); and Defendant J. Porter who retaliated against Plaintiff with "group retaliation," by punishing Plaintiff's entire housing unit and announcing that Plaintiff had filed a grievance about his broken tablet (*Id.* at 12).

Plaintiff alleges he sustained "pointless and unnecessary continuation of severe pain,

psychological injuries, severe apprehension and fear, and spill over retaliation." (*Id.* at 6). As relief, Plaintiff seeks $55 million dollars in damages, preliminary and permanent injunctions, and any other relief deemed appropriate by the Court. (*Id.* at 26).

**2. Request for Judicial Notice and TRO/PI Motions**

Plaintiff simultaneously filed a motion entitled "request for judicial notice" and a motion for a preliminary injunction on December 27, 2021. (Doc. Nos. 12, 13). Plaintiff first seeks judicial notice of his other pending federal and state court cases: (1) 1:20-cv-1364-EPG (E.D. Cal. 2020); (2) 20CMS1952 identified as a criminal case; (3) 21CM4239 identified as a criminal case; (4) 21c0190 identified as a writ of mandamus"; (5) 21c0236 identified as "civil unlimited"; (6) 21c0237 identified as "writ of mandate"; (7) and 21c0238 identified as a "writ of mandate." (Doc. No. 12). Plaintiff does not expound in the motion on why the Court should take judicial notice of these other cases or how these cases relate to the instant case.

Plaintiff's first motion for emergency relief is directed at Defendant Well Path, LLC, and the Kings County Sheriff's Department, who is <u>not</u> named as a defendant.[1] (Doc. No. 13 at 2-3). Plaintiff attaches to his motion the exhaustion procedures for filing medical-related grievances and a summary of his inmate grievances. (*Id.* at 25-48). As to Defendant Well Path, LLC, Plaintiff requests an injunction to: (1) eliminate unconstitutional policies, practices, and directives; (2) eliminate further acts of retaliation; (3) eliminate further acts of oppression; (4) provide legitimate "medical judgment" to plaintiff; (5) provide medical care that meets minimum standards of practice and competence; (6) provide medical care equal to the care provided to the non-incarcerated; (7) eliminate exaggerated considerations and concerns as pretexts to provide unconstitutional medical treatment to plaintiff; and (8) implement safeguards in compliance with the U.S. Constitution. (*Id.* at 2-3).

As to the Kings County Sheriff's Office, who is <u>not</u> identified as a Defendant in the FAC, Plaintiff seeks injunctive relief to: (1) remedy the Constitution violations occurring at the jail; (2) investigate and report constitutional violations; (3) direct the county jail to sever its contact with

---

[1] Plaintiff does name David Robinson, the Sheriff and David Putman, the Assistant Sheriff as Defendants. (Doc. No. 18 at 4:8-10).

3

1 Well Path, LLC; and (4) restrain the jail from "deception, manipulation, misdirection,
2 gamesmanship to avoid following court orders." (*Id.* at 3-4).

3 Plaintiff filed a second motion for temporary restraining order and preliminary injunction
4 on March 10, 2022. (Doc. No. 17). Attached to the second motion is his own declaration. (*Id.* at
5 10-14). The declaration consists of conclusory allegations and lacks sufficient factual support.
6 (*Id.*). Nonetheless, Plaintiff seeks an order compelling a "treatment plan" for his medical
7 conditions, which he states are serious. (*Id.* at 2). Although not entirely clear, the medical
8 conditions Plaintiff appears seek treatment for include depression, tension headaches, and hearing
9 loss in one ear. Specifically, Plaintiff seeks an order compelling Defendant Well Path, LLC and
10 Defendant David Robinson "to remove any treatment barriers, blanket bans on any medication's"
11 irrespective of whether "the ban is express or implied." (*Id.* at 9).

## II.  APPLICABLE LAW

13 Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and
14 requires that a motion for temporary restraining order include "specific facts in an affidavit or a
15 verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will
16 result to the movant before the adverse party can be heard in opposition," as well as written
17 certification from the movant's attorney stating "any efforts made to give notice and the reasons
18 why it should not be required." Fed. R. Civ. P. 65(b).

19 Temporary restraining orders are governed by the same standard applicable to preliminary
20 injunctions, with the exception that preliminary injunctions require notice to the adverse party.
21 *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126
22 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231,
23 however, requires notice for temporary restraining orders as well, "[e]xcept in the most
24 extraordinary of circumstances," and the court considers whether the applicant could have sought
25 relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b) (E.D. Cal.
26 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of
27 preserving the status quo and preventing irreparable harm just so long as is necessary to hold a
28 hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*

*Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if Plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131. The Ninth Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary injunction if it demonstrates: (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Zepeda v. U.S. Immigr. & Naturalization Serv*, 753 F.2d 719, 727 (9th Cir. 1985); *see also McKinney v. Hill*, 925 F.2d at 1470 (9th Cir. 1991) (noting same).

Significantly, however, as applicable here, a federal court does not have personal jurisdiction over the parties and subject matter jurisdiction over the claim if no defendant has been served in the action. *Zepeda*, 753 F.2d at 727 (9th Cir. 1985) (if no defendant has been served with process then injunctive relief is premature).

The injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*,

2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).  The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

### III.  DISCUSSION

#### A.  Request for Judicial Notice

At the outset, the Court addresses Plaintiff's request for judicial notice.  The Court may "judicially notice" facts and documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questions."  Fed. R. Evid. 201(b)(2).  This encompasses other court proceedings "if those proceedings have a direct relation to the matters at issue."  *United States ex. Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cri. 1992)(citations and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).  However, the Court may not take judicial notice of findings of facts from another case.  *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).

As stated above, the Court "may" judicially notice facts and documents but it is not required to do so.  Though Plaintiff moves the Court to take judicial notice of his various other federal and state cases, he merely lists the case numbers but otherwise fails to explain the significance of these cases or how these cases relate to the instant action.  Nor can the Court independently discern how any of these cases are relevant to Plaintiff's motions for a TRO/PI.  Accordingly, the undersigned recommends the district court deny Plaintiff's motion to take judicial notice.

#### B.  TRO/PI Motions

Turning to Plaintiff's motion for a temporary restraining order or for a preliminary

injunction, the undersigned finds Plaintiff has not satisfied his burden to warrant issuance of this extraordinary remedy. Initially, Plaintiff has not complied with Local Rule 231(d) or Rule 65. There is no showing or attempted notice, and other than requesting the relief, Plaintiff fails to provide briefing, other than conclusory statements, on the legal issues. Nor does Plaintiff provide any affidavits, or declarations, attesting to imminent irreparable harm, aside from conclusory allegations. Thus, facially, his motions are deficient.

Nonetheless, in applying the four factors, significant here is Plaintiff's unlikelihood of success on the merits and in ability to show that he is likely to suffer irreparable harm. The Eighth Amendment requires correctional officials to ensure inmates receive "adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (setting forth minimum Eight Amendment protections to inmates); *see also Shields v. Kunkel*, 442 F.2d 409 (9th Cir. 1971) (affirming district court's decision to grant defendants' motion for summary judgment finding a difference of medical opinion, not a deprivation of medical care amounting to a constitutional violation). While the Court is required to accept the factual allegations in the FAC as true at this stage of the proceedings and is not opining on the ultimate merits of the case, from the allegations set forth in the FAC and the above-referenced motions, it is evident that Plaintiff has been receiving medical care at the county jail's medical department for a number of years but is displeased with the quality of medical care he is receiving. In particular, Plaintiff appears displeased with Dr. Gustaveson's provision of care. Plaintiff's acknowledged medical conditions include depression for which Plaintiff is taking antidepressants, tension headaches, and hearing loss in one ear. Even if it is true that Plaintiff is not prescribed medicine for his headaches and not provided a hearing aid for one ear, Plaintiff has not sufficiently alleged he is at risk of imminent harm.

Further, the Court does not have personal jurisdiction or subject matter jurisdiction over defendants because none of the Defendants have received service of process because Plaintiff's FAC remains subject to screening under § 1915A. *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has

personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Additionally, Plaintiff seeks injunctive relief directed at one non-party. Thus, even if the Court were to grant Plaintiff the relief he seeks, the non-party would not be subject to the order. *Id.* at 729.

Nor is the relief Plaintiff is seeking narrowly tailored. Plaintiff's first and second motion for a temporary restraining order or preliminary injunction request the Court to direct Defendants and non-parties to "eliminate unconstitutional policies, practices, and directives," "eliminate further acts of retaliation, "provide legitimate "medical judgment" to plaintiff," and "restrain the jail from "deception, manipulation, misdirection, gamesmanship to avoid following court orders." (*Supra* at 3). None of these requests are narrowly tailored. As set forth above, an injunction must be narrowly tailored to remedy only the specific harms shown by the Plaintiff, rather than enjoining all possible breaches of the law. *Zepeda*, 753 F.2d at 728.

In summary, the undersigned finds this case does not involve extraordinary circumstances warranting the issuance of a temporary restraining order, or preliminary injunction, and recommends for all the reasons set forth above that the district court deny Plaintiff's motions for a temporary restraining order or for a preliminary injunction.

ACCORDINGLY, it is **RECOMMENDED**:

1. Plaintiff's motion for judicial notice (Doc. No. 12) is DENIED.

2. Plaintiff's motions for a temporary restraining order or a preliminary injunction (Doc. Nos. 13, 17) be DENIED.

///

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case under the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39

(9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   April 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE