# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN SETH HARPER,<br><br>Plaintiff,<br><br>v.<br><br>WELL PATH, ET. AL.,<br><br>Defendants. | Case No. 1:21-cv-00558 JLT HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE, AND DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF<br><br>(Docs. 12, 13, 17, and 23) |

Johnathan Seth Harper initiated this action proceeding *pro se* by filing a prisoner civil rights complaint under 42 U.S.C. § 1983 while confined at the Kings County Jail. (Doc. 1.) The matter was referred to the assigned United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302.

Plaintiff filed motions for injunctive relief—including a temporary restraining order and preliminary injunction—on December 27, 2021 (Doc. 13) and March 10, 2022 (Doc. 17). The magistrate judge found the motions were procedurally and substantively defective. (Doc. 23 at 7-8.) The magistrate judge determined Plaintiff failed to show a likelihood of success on the merits of his claim or "sufficiently allege[] he is at risk of imminent harm." (*Id.* at 7.) Rather, Plaintiff provided only "conclusory statements" in support of his requests. (*Id.*) The magistrate judge observed that "the Court does not have personal jurisdiction or subject matter jurisdiction over defendants because none of the Defendants have received service of process," while the

1 First Amended Complaint remains to be screened.  (*Id.*, citing *Zepeda v. U.S. Immigr. &*
2 *Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).)  The magistrate judge noted Plaintiff
3 sought injunctive relief against an individual who is not a defendant and would not be subject to
4 such an order.  (*Id.* at 8.)  The magistrate judge recommended the requests for injunctive relief be
5 denied.  (*Id.*)

6 Plaintiff also requested the Court take judicial notice of several matters, including his
7 other pending and federal court cases.  (Doc. 12.)  The magistrate judge found Plaintiff did not
8 explain "why the Court should take judicial notice of these other cases or how these cases relate
9 to the instant case." (Doc. 23 at 3.)  The magistrate judge indicated the Court was unable to
10 "independently discern how any of these cases are relevant" to the pending requests for a
11 preliminary injunction and temporary restraining order.  (*Id.* at 6.)  Therefore, the magistrate
12 judge recommended the motion for judicial notice be denied.  (*Id.*)

13 The Findings and Recommendations dated April 14, 2022, contained notice that any
14 objections were due within 14 days.  (Doc. 23 at 1, 8.)  Plaintiff was informed the "failure to file
15 objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 8, citing
16 *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391,
17 1394 (9th Cir. 1991).)  To date, Plaintiff has not filed any objections and the time to do so has
18 expired. (*See* docket.)

19 According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case.
20 Having carefully reviewed the entire matter, the Court concludes the Findings and
21 Recommendations to be supported by the record and by proper analysis. Thus, the Court
22 **ORDERS**:
23     1.    The Findings and Recommendations issued on April 14, 2022 (Doc. 23) are
24         adopted in full.
25     2.    Plaintiff's motion for judicial notice (Doc. 12) is denied.
26     3.    Plaintiff's motions for temporary restraining order and preliminary injunction
27         (Docs. 13, 17) are denied.
28 ///

1       4.      This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **May 11, 2022**                          _____
                                                                    UNITED STATES DISTRICT JUDGE

3