**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN SETH HARPER, | Case No. 1:21-cv-00558-JLT-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 25) |
| WELL PATH, STEVEN GUSTSVESON, LISA SALINAS, M. CANTU, SELINA GOMEZ, ROBIN WEST, | |
| Defendants. | |

Before the Court is Plaintiff's motion for reconsideration and objections, filed simultaneously on May 12, 2022. (Docs. 25, 26.) Plaintiff seeks reconsideration of the Court's May 11, 2022 order adopting the findings and recommendations issued on April 14, 2022, which recommended denying Plaintiff's motion for judicial notice and his motions for a temporary restraining order or a preliminary injunction. (Docs. 23, 24.) Plaintiff acknowledges the Court did not timely receive his objections and attaches proof the envelope containing his objections were returned to him due to him providing insufficient postage. (Docs. 25 at 2, 6.) Plaintiff also files his objections he intended to submit. (Doc. 26.)

The Court construes the motion as one filed under Federal Rule of Civil Procedure 60(b), which allows the Court to provide relief from a final judgment order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Regarding excusable neglect, a litigant has the burden of establishing mistake or excusable neglect regardless of whether the litigant is proceeding pro se. *Bernal v. Davis*, 2018 WL 9815615 * (W.D. Texas Dec. 11, 2018)(citations omitted).

Plaintiff has not established a sufficient reason under Rule 60 to warrant reconsideration of the May 11, 2022 order.  Though it appears Plaintiff attempted to timely mail objections to the Court, the objections were not received, as Plaintiff acknowledges due to him attaching insufficient postage.

Even if the Court had timely received the objections, the result would have been the same. Among other things, the findings and recommendations correctly indicated that Plaintiff sought emergency relief from non-parties, including Well Path, LLC and the Kings County Sheriff. (Doc. 23 at 3.)  Plaintiff's objections likewise are directed at these same non-parties.  (Doc. 26 at 3) (stating the First Amended Complaint alleges claims of deficient medical care stemming from retaliation demonstrated by Sheriff Robinson turning a blind eye to Well Path's deficient care). The findings and recommendations further noted that because no defendant has been served with process, the federal court does not have personal jurisdiction over the parties and no subject

matter jurisdiction over the claim. (Doc. 23 at 5.)  Regarding the medical deliberate indifference claim, the magistrate judge noted that it appears Plaintiff had been receiving medical care but was displeased with the quality of care thereby not establishing risk of imminent harm.  (*Id.* at 7.)  In his objections, Plaintiff appears to misunderstand the finding that his motion contained conclusory allegations, instead believing proof from a third-party witness was necessary to support his claim.  (Doc. 25 at 3–4.)  A third-party witness affidavit is not required, nor did the findings and recommendations suggest so.   Based on a review of the findings and recommendations and Plaintiff's objections, his objections do not meaningful challenge the conclusions set forth in the findings and recommendations. Accordingly, for the reasons set forth above, Plaintiff's motion for reconsideration (Doc. 25) is **DENIED**.

IT IS SO ORDERED.

Dated:  **October 7, 2022**

UNITED STATES DISTRICT JUDGE