UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN SETH HARPER,<br><br>        Plaintiff,<br><br>    v.<br><br>WELL PATH, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00558-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE[1]<br><br>14-DAY DEADLINE |

      Plaintiff Johnathan Seth Harper is a former state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends that the District Court dismiss this action without prejudice for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

      Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). Prior to screening, Plaintiff filed a First Amended Complaint. (Doc. No. 18, "FAC"). On September 12, 2023, pursuant to 28 U.S.C. § 1915A the Court issued a screening order finding the FAC failed to state a federal claim against any Defendant. (*See generally* Doc. No. 28). On September 26, 2023, the Court's mail containing the Screening Order

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

1  was returned "Undeliverable, Inmate Not Here."  *See* docket.  On October 5, 2023, Plaintiff filed

2  a change of address reflecting that he was no longer in custody.  (Doc. No. 29).  Plaintiff

3  subsequently filed change of address notices on January 3, 2024 (Doc. No. 34) and January 22,

4  2024 (Doc. No. 35).

5   On November 1, 2023, Plaintiff filed a Second Amended Complaint.  (Doc. No. 32,

6  "SAC").  On February 9, 2024, the Court screened Plaintiff's SAC and found that it states

7  cognizable Fourteenth Amendment conditions of confinement and inadequate medical care

8  claims against Defendant Steven Gustafson, but failed to allege any other cognizable claims.

9  (Doc. No. 37).  The Court afforded Plaintiff two options to exercise no later than March 15, 2024:

10 (1) file a notice that he intends to proceed on the claims deemed cognizable in the SAC and

11 voluntarily dismiss the remaining claims and Defendants or (2) file a notice to stand on the SAC

12 subject to the undersigned recommending the district court dismiss the remaining claims and

13 Defendants.  (*Id.* at 27-28).  The Court expressly warned Plaintiff that if he "fails to timely

14 respond to this Court Order or seek an extension of time to comply" the undersigned "will

15 recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply

16 with a court order and prosecute this action."  (*Id.* at 29 ¶ 2).  The Order was served on Plaintiff's

17 new address of record on February 9, 2024.  *See* docket.  On March 15, 2024, the mail containing

18 the Court's February 9, 2024 Order was returned "Undeliverable, Refused."  *See* docket.  The

19 Court confirmed with the Clerk's Office that the envelope was marked "refused."  As of the date

20 of these Findings and Recommendations, Plaintiff has failed to submit a response to the Court's

21 February 9, 2024 Screening Order, or request a further extension of time to comply, and the time

22 to do so has expired.  *See* docket.

23 **APPLICABLE LAW AND ANALYSIS**

24 **A.  Legal Standard**

25  Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

26 when a litigant fails to prosecute an action or fails to comply with other Rules or with a court

27 order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

28 (9th Cir. 2019) (citations omitted).  Similarly, this Court's Local Rules, which correspond with

Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court

order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Indeed, Plaintiff's refusal to accept the Court's mail weighs against the public's interest in disposition on the merits.  *See Rizzo v. Diaz*, 2010 WL 4924907, at *1 (E.D. Cal. Nov. 29, 2010) ("[G]iven the Court's inability to communicate with Plaintiff based on Plaintiff's refusal to accept Court orders through the mail, no lesser sanction [than dismissal] is feasible.")

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's February 9, 2024 Order expressly warned Plaintiff that his failure to respond to the Court's Order would result in a recommendation of dismissal of this action.  (Doc. No. 37 at 29).  Thus, Plaintiff had adequate

warning that dismissal could result from his noncompliance. The Court cannot move this case forward without Plaintiff's compliance with its orders. Plaintiff's refusal to accept this Court's orders demonstrates his unwillingness to cooperate in participating in this litigation. *See Martin v. Johnson*, No. 2:20-CV-11342-FWS-SHK, 2023 WL 5505912, at *3 (C.D. Cal. May 19, 2023). And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, it is hereby **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   April 11, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE